**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| KENNETH B. GIBBS,<br><br>        Plaintiff,<br><br>    v.<br><br>GODINA, et al.,<br><br>        Defendants. | No. CV 18-00697-RGK (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On February 7, 2019, the United States Magistrate Judge issued a Report and Recommendation, recommending that defendants' Motion for Summary Judgment (Docket No. 26) be granted and directing that this action be dismissed as to the moving defendants without prejudice. On March 25, 2019, plaintiff filed Objections to the Report and Recommendation. (Docket No. 49).

There is no dispute that plaintiff failed to exhaust his administrative remedies with respect to his current causes of action against the moving defendants. Consequently, the primary question at issue is whether plaintiff withdrew his 2016 administrative appeal due to fear of retaliation or whether he simply failed to exhaust his available administrative remedies. In an effort to show that fear motivated his decision to withdraw the 2016 administrative appeal, plaintiff points to events that occurred in 2014. (See Docket No. 49 at 12). Specifically, he claims that, in 2014,

he filed an administrative appeal alleging, among other things, that prison officials had falsely labeled him a "snitch." (Id.). According to plaintiff, he was asked to withdraw the complaint, and, when he refused to do so, two "informants" acting at the prison officials' behest beat him unconscious. (Id.). Taking these allegations as true, they do not show that plaintiff withdrew his 2016 administrative appeal due to fear of retaliation. As stated in the Report, plaintiff filed several administrative appeals, some of which he prosecuted all the way until the third level of appeal, between 2015 and 2018. (See Docket No. 43 at 8 (setting forth plaintiff's administrative appeal history between April 2016 and April 2018); id. at 14 (noting that plaintiff exhausted his administrative remedies with respect to his causes of action against named defendant J. Marcelo); id. at 16 n.12 (noting that, in 2015, plaintiff requested that his prison grievance regarding 2014 incident be reviewed by third level of administrative review and that he filed separate prison grievance alleging separate incident of alleged excessive force on April 15, 2015)). As these actions show, plaintiff readily and often filed complaints against various prison officials *after* the 2014 incident that he cites in his Objections. Accordingly, there is no reason to conclude that the 2014 incident caused him to withdraw the administrative appeal that he initiated in 2016.

Plaintiff also cites events that occurred in 2017 and 2018 to show that he had reason to fear retaliation if he pursued his administrative appeal in 2016. (See, e.g., Docket No. 49 at 13-23 (setting forth facts regarding retaliation suffered by plaintiff for complaining about prison officials' misconduct)). But, as explained in the Report, events that occurred one to two years *after* plaintiff decided to withdraw his 2016 administrative appeal have no bearing on whether, in 2016, his decision was motivated by fear of reprisal. And, indeed, the majority of the 2018 events cited by plaintiff could not have impacted his decision to forego an administrative appeal and, instead, file this federal action because his filing of this action predates the events that he cites from 2018. (Compare Docket No. 1, with Docket No. 49 at 13-23).

Moreover, in connection with the incident from 2017 that he cites, plaintiff, in fact, filed a prison appeal. (See Docket No. 49 at 144-47). More importantly, he exhausted his administrative remedies with respect to that appeal. (See id. at 138-39). Notably, plaintiff requested the second and third level of review in that case in March and May 2018, respectively -- thereby demonstrating

that the events from 2018 on which he relies did not cause him to forego his available administrative remedies.[1] (Id. at 145). As his actions before and after he withdrew his 2016 administrative appeal make clear, plaintiff did not shy away from filing complaints (and prosecuting administrative appeals) with respect to alleged misconduct by prison officials.

Plaintiff also takes issue with the declaration from M. Fordham chronicling plaintiff's prison appeal history from April 2016 until April 2018. (See Docket No. 26-1, Decl. of M. Fordham).[2] According to Fordham's declaration, plaintiff filed multiple prison grievances between April 2016 and 2018, none of which went beyond the second level of administrative review. (Id.). Plaintiff, however, insists that he prosecuted all but one of those appeals to the third level of administrative review, thereby exhausting his administrative remedies as to those appeals. (See Docket No. 49 at 30-31). Assuming plaintiff is correct, his prison appeal history still does not support his contention that he withdrew his 2016 administrative appeal due to fear of reprisal. In fact, it substantially undermines his contention. Indeed, if, as he alleges, plaintiff prosecuted his many administrative appeals to the third level, there is no reason to believe that, in this particular case, he withdrew his appeal before reaching the third level of review due to fear of retaliation.

Moreover, though by no means dispositive, plaintiff's shifting and conflicting explanations regarding his efforts to exhaust his administrative remedies, at a minimum, undermine his claim that he withdraw his 2016 administrative appeal due to fear of reprisal. Initially, plaintiff unequivocally stated, under penalty of perjury, that he had "exhausted his administrative remedies challenging all claims . . . at the third level of California Department of Corrections." (Docket No. 1 at 16). But when defendants moved for summary judgment based on plaintiff's failure to exhaust (see Docket No. 26), plaintiff shifted course and argued that he did not exhaust his administrative

---

[1] Plaintiff also filed a prison appeal in June 2018. (Docket No. 49 at 159-61). What is more, he attempted to exhaust his administrative remedies with respect to that appeal, but his appeal was cancelled at the third level of review because "[t]he issue under appeal ha[d] been resolved at a previous level." (Id. at 158). It also appears that he exhausted yet another prison appeal in April 2018. (See id. at 151-52).

[2] Defendants filed the M. Fordham declaration in connection with their Motion for Summary Judgment. (See Docket Nos. 26, 26-1).

remedies because he feared that doing so would endanger him. (See, e.g., Docket No. 35 at 2). Indeed, in responding to defendants' summary judgment motion, plaintiff asserted that, after he withdrew his 2016 administrative appeal, he "did not resubmit or file another grievance because he feared for his safety." (Id. at 22; see also id. at 15-16 ("Plaintiff is asserting that his administrative remedies were unavailable do [sic] to acts of intimidation or perceived by threats to his safety by being labeled as a 'snitch' and a child molester by inmates and prison officials.")). Nowhere in his Complaint or in his response to defendants' summary judgment motion, however, did plaintiff ever indicate that he was confused or misinformed regarding his need to exhaust his causes of action against the moving defendants. What is more, he never indicated that he believed that, in fact, he already had exhausted his administrative remedies as to the moving defendants by exhausting his separate administrative appeal pertaining to J. Marcelo, the one non-moving defendant in this matter. Yet, in his Objections, plaintiff, for the first time, asserts that very argument. Specifically, he states: "Plaintiff was under the assumption that since he had exhausted his administrative remedies against defendant Marcelo with all the other defendants mentioned in his medical grievance, he did not ha[ve] to mention in his complaint at that moment that he withdrew his grievance from against defendants Godina, Rosales, Bilderback, and Sanchez because he feared being retaliated against by Lieutenant Lugo." (See Docket No. 49 at 2; see also id. at 3 (plaintiff stating that he believed he had exhausted his administrative remedies by, among other things, mentioning moving defendants in administrative appeal that he filed against J. Marcelo)). Such inconsistent and shifting explanations as to his efforts at exhaustion undercut plaintiff's overarching claim that he withdrew his administrative appeal due to fear of reprisal.

Finally, the fact that plaintiff knowingly misstated facts in his Complaint further undermines his allegations of fear. In his Objections, plaintiff concedes that he knowingly misled the Court regarding his 2016 administrative appeal, although he simultaneously maintains that he did not intend to mislead the Court. Plaintiff attempts to justify these seemingly irreconcilable statements by arguing that he wanted to raise his allegations of fear in his Complaint, but believed that he

could not do so until defendants filed a motion for summary judgment attacking petitioner's false statement that he had exhausted each of his causes of action:

> Plaintiff thought that if he did not mention on the cover [of the Complaint] that he did not exhaust his administrative remedies and that he withdrew his grievance against [the moving defendants] because of fear of being retaliated against . . ., then the defendants would have to file a summary judgment motion to challenge plaintiff's failure to exhaust.

(Id. at 2). In other words, plaintiff claims that he knowingly misstated the facts in order to provoke a summary judgment motion. He, furthermore, contends that his intentional misstatement of fact was necessary to prevent the Court from sua sponte dismissing the action for lack of exhaustion: "Plaintiff also thought that if he did mention on the face of the cover [of the Complaint] that he withdrew his grievance because he feared [retaliation], the Court could dismiss plaintiff's case without the defendants ever filing a summary judgment motion."[3] (Id.).

These arguments are not well-taken. Plaintiff is not new to the federal court system. On the contrary, he has filed and prosecuted numerous prisoner civil rights complaints in federal court. (See, e.g. C.D. Cal. Case No. 16-9013; C.D. Cal. Case No. 15-4954; N.D. Cal. Case No. 15-2268; E.D. Cal. Case No. 15-0061; E.D. Cal. Case No. 14-0831; N.D. Cal. Case No. 13-0860; N.D. Cal. Case No. 13-2488; N.D. Cal. Case No. 13-2114).[4] More importantly, he is specifically experienced in asserting the very argument that he has asserted in this matter -- namely, that his fear of

---

[3] Plaintiff also states the following:

> Plaintiff thought he could address this issue regarding he [sic] withdrawing his grievance because of his fear of being retaliated against by Lieutenant Lugo once he filed his opposition to the defendants['] summary judgment motion. Because he thought that if he had stated that on the face of the cover [of the Complaint] that he did not exhaust his claim and withdrew his grievance because of his fear of being retaliated against by Lieutenant Lugo, the Court [would] dismiss his case without the defendants filing their summary judgment motion and without plaintiff being able to file his opposition to explain his fear to the Court for withdrawing his grievance.

(Docket No. 49 at 5).

[4] Indeed, plaintiff is so prolific in filing federal prisoner civil rights cases that, in another case that he has pending before this Court, the defendants have filed a motion to have him designated as a vexatious litigant. (See C.D. Cal. Case No. 16-9013-RGK (PLA), Docket No. 87). The Court, however, expresses no opinion at this time as to the merits of that motion.

| | |
|---|---|
| 1 | reprisals justifies his failure to exhaust his administrative remedies.  Indeed, when he filed his |
| 2 | Complaint, plaintiff already had cited his purported fear of retaliation to explain his failure to |
| 3 | exhaust in connection with at least two prior prisoner civil rights lawsuits that he filed in federal |
| 4 | court.  See Gibbs v. Johnson, 2018 WL 4156883, *5 (E.D. Cal. Aug. 28, 2018); C.D. Cal. Case |
| 5 | No. 15-4954-RGK (PLA), Docket No. 54 at 15.  Given these facts, plaintiff cannot credibly claim |
| 6 | that he was unaware that he could assert in his Complaint that his failure to exhaust his |
| 7 | administrative remedies was excused by his alleged fear of retaliation.  Plaintiff's supposed |
| 8 | ignorance of his ability to explain his failure to exhaust is also undercut by the fact that the |
| 9 | Complaint itself provides a section to explain any failure to exhaust.  (See Docket No. 1 at 3 |
| 10 | §B(2)).  Regardless, even if plaintiff was a complete novice to the federal court system -- which |
| 11 | he is not -- that fact would not justify knowingly making untrue statements under penalty of perjury, |
| 12 | whatever the motivation for doing so may be. |
| 13 |      In short, none of the facts or circumstances cited by plaintiff in his Objections undermines |
| 14 | the conclusions and recommendations set forth in the Magistrate Judge's Report. |
| 15 | / |
| 16 | / |
| 17 | / |
| 18 | / |
| 19 | / |
| 20 | / |
| 21 | / |
| 22 | / |
| 23 | / |
| 24 | / |
| 25 | / |
| 26 | / |
| 27 | / |
| 28 | / |

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the other records on file records herein, the Magistrate Judge's Report and Recommendation, and plaintiff's Objections to the Report and Recommendation. The Court has engaged in a <u>de novo</u> review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. The moving defendants' Motion for Summary Judgment (Docket No. 26), is granted and the moving defendants are hereby dismissed from this action without prejudice.

3. The clerk shall serve this Order on all counsel or parties of record.

DATED: April 26, 2019

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE