**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| KENNETH B. GIBBS,<br><br>    Plaintiff,<br><br>  v.<br><br>GODINA, et al.,<br><br>    Defendant(s). | No. CV 18-697-RGK (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS, AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

On August 21, 2019, the United States Magistrate Judge issued a Report and Recommendation ("R&R" (ECF No. 63)), recommending that the May 10, 2019, Motion to Dismiss ("Motion" or "Mot." (ECF No. 54)) filed by defendant Dr. Marcelo (the only defendant remaining in the action), be granted without further leave to amend, that defendant's June 25, 2019, Motion to Strike (ECF No. 59) be granted, and that judgment be entered dismissing this action with prejudice. (R&R at 17). On September 20, 2019, petitioner filed Objections (alternatively "Obj.") to the R&R. (ECF No. 66).

Plaintiff objects that Dr. Marcelo "deprived plaintiff of his constitutional right to receive adequate medical care by his failure to ordered [sic] an MRI for plaintiff's left shoulder," by "his failure to provided [sic] plaintiff with further medical care upon him receiving the physical therapist's report," and by "his failure to refer plaintiff to the orthopedic [sic]." (Obj. at 2).

Plaintiff admits that these alleged failures by Dr. Marcelo only "*delayed* plaintiff from receiving the proper medical care for his injured left shoulder." (Id. (emphasis added)). Plaintiff alleges that he suffered "excruciating pain" (id.), but, as set forth in the R&R, any possible delay arising from Dr. Marcelo's failure to order an MRI or to pursue other possible medical options for treatment following Dr. Marcelo's receipt of the physical therapist's report on April 27, 2016 (which indicated that physical therapy had not proven to be effective), was only a matter of days or weeks. Plaintiff was scheduled for an appointment with another doctor on April 28, 2016, and was provided with an MRI on May 23, 2016. (See R&R at 7, 11). Plaintiff's unsupported contention that Dr. Marcelo received the report from the physical therapist earlier (Obj. at 7, 21), is contradicted by plaintiff's own exhibit, which reflects that it was reviewed by Dr. Marcelo on April 27, 2016. (Id. at 47).

Plaintiff's account in his Objections of the events leading up to plaintiff's first appointment with Dr. Marcelo on February 24, 2016 (id. at 3-4), are not relevant because the records reflect that Dr. Marcelo provided prompt and appropriate treatment following his initial examination. Plaintiff complains that it took "over two weeks" (id. at 4) for his physical therapy to commence following Dr. Marcelo's order, but plaintiff's FAC does not allege that Dr. Marcelo caused this brief delay. Further, plaintiff's non-expert disagreement with Dr. Marcelo's medical decision to first attempt to treat the injury with physical therapy (id. at 5-6) simply does not give rise to a claim under the Eighth Amendment. (See R&R at 12). Further, plaintiff's account of the events between his last appointment with Dr. Marcelo on June 6, 2016, and plaintiff's subsequent consultations (or any delays connected with those consultations) with multiple orthopedists is not relevant to plaintiff's claim against Dr. Marcelo. (See Obj. at 25-29).

Plaintiff points to a Primary Care Provider Progress Note from March 15, 2016, and argues that Dr. Marcelo's account of that visit is incorrect. (Id. at 9). Plaintiff appears to be arguing that Dr. Marcelo "denied plaintiff medical care" following that visit because plaintiff filed a grievance against Dr. Marcelo on March 20, 2016. (Id. at 10). The medical record from plaintiff's March 15, 2016, visit with Dr. Marcelo reflects that plaintiff refused a physical exam and that Dr. Marcelo decided to continue with the physical therapy at that time. (Id. at 56). Because plaintiff was

receiving medical treatment that had not yet been determined to be ineffective, plaintiff's additional allegations concerning the March 2016 visit with Dr. Marcelo do not raise a reasonable inference that Dr. Marcelo deliberately elected a course of treatment in conscious disregard of an excessive risk to plaintiff's health. (See R&R at 12).

Plaintiff's assertion that Dr. Marcelo had a "strong dislikeness [sic] for plaintiff" before February 2016 (Obj. at 12), is neither relevant to the allegations in the operative pleading herein nor supported by plaintiff's historical account of his health issues at another facility (id. at 12-18, 31). To the contrary, plaintiff's new allegations -- raised for the first time in his Objections -- reflect that, in April 2015, Dr. Marcelo referred plaintiff to a cardiologist to resolve a question about a possible heart condition. (Id. at 18-19). Similarly, plaintiff's argument that Dr. Marcelo violated the Eighth Amendment when he failed to "bring plaintiff back to the clinic to give him the MRI result" after the MRI report was signed and "placed on the computer" on May 23, 2016 (id. at 23 (citing plaintiff's Exhibit L), at 111), is unsupported by the medical records that plaintiff attached to his pleadings and his Objections. (See R&R at 12). Plaintiff's medical records do not reflect that Dr. Marcelo was provided with plaintiff's MRI results on May 23, 2016, or at any time prior to plaintiff's next appointment with Dr. Marcelo on June 6, 2016. As set forth in the R&R, plaintiff is not entitled under the Eighth Amendment to optimal medical care. Despite plaintiff's arguments that Dr. Marcelo's alleged actions or failures to act caused plaintiff to suffer "from excruciating pain for almost one year" before plaintiff had surgery (Obj. at 29), the medical records that plaintiff attached to the operative pleading, his Opposition, and his Objections reflect that Dr. Marcelo only treated plaintiff's shoulder injury from February 24, 2016, through June 6, 2016. Plaintiff was treated by other physicians in May 2016 and from July 2016 until his surgery in 2017.

Nothing in plaintiff's extensive Objections -- including any additional factual allegations he has made therein pertaining to the medical treatment provided by Dr. Marcelo -- or the many (primarily duplicative) exhibits attached thereto, leads the Court to find that plaintiff has raised a reasonable inference that Dr. Marcelo is liable for the intentional denial, delay, or interference with medical treatment for plaintiff's shoulder injury.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Defendant Marcelo's Motion to Dismiss (ECF No. 54) is granted without further leave to amend.
3. Defendant Marcelo's Motion to Strike (ECF No. 59) is granted.
4. Judgment shall be entered consistent with this Order.
5. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: October 2, 2019

_____
HONORABLE R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE